**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARPLE NEWTOWN SCHOOL DISTRICT,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **S.Z., as parent and natural guardian of A.B.,** *Defendant.* | : | **NO. 26-6426** |

# MEMORANDUM

**KENNEY, J.** **September 15, 2026**

Before the Court is Plaintiff's Motion for a Temporary Restraining Order, Declaratory Relief, and/or Preliminary Injunction (ECF No. 11). Plaintiff seeks to stay the Hearing Officer's July 2, 2026 Order (ECF No. 1-4) directing that Defendant's minor child, A.B. (the "Student"), return to the life-skills classroom located in the Marple Newtown School District's Russell Elementary School (the "School District") if the new Chester County Intermediate Unit ("CCIU") location in Malvern, Pennsylvania is not open by September 15, 2026. ECF No. 11. For the reasons set forth below, Plaintiff's Motion for a Temporary Restraining Order will be **GRANTED**.

By way of background, the Student is a 10-year-old child who qualifies for special education under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1401(3)(A), with a diagnosis of Autism Spectrum Disorder and Intellectual Disability. ECF No. 11-1 ¶ 4. While enrolled at the School District, the Student engaged in numerous dangerous behaviors multiple times a day that included physical aggression and injury to himself and to others. *Id.* ¶¶ 5–7. Since January 2025, the Student attended the CCIU program at its current location in Coatesville, Pennsylvania. *Id.* ¶ 17. After Defendant filed a due process complaint regarding the Student's transportation arrangements and placement at the CCIU program, a Hearing Officer issued an

Order on July 2, 2026 determining that the Student's placement for the 2026–2027 school year shall be at a new CCIU location in Malvern, but that if the Malvern location has not opened as of September 15, 2026, the Student will be returned to the School District's life-skills classroom. *Id.* ¶¶ 18–22. The opening of the new CCIU Malvern location has been delayed, through no fault of the School District. *Id.* ¶ 24.

A court ruling on a motion for a temporary restraining order ("TRO") must consider the following four factors: (1) the likelihood of success on the merits; (2) the probability of irreparable harm if relief is not granted; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting preliminary relief will be in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). Here, all four factors weigh in favor of granting Plaintiff's Motion for a TRO (ECF No. 11). The Court will briefly address each of the four factors *seriatim*.

With respect to the first factor, the likelihood of success on the merits, Plaintiff has demonstrated that it is likely to succeed on its appeal of the narrow portion of the Hearing Officer's July 2, 2026 Order concluding that the Student shall be placed at the School District's life-skills classroom in the event that the newly-opened CCIU placement at Malvern has not opened, or is not ready for occupancy, as of September 15, 2026. In his July 2, 2026 Order, the Hearing Officer determined, based on a review of the Student's prior school records and testimony from witnesses, that the Student's placement for the 2026–2027 school year would remain at the CCIU program. ECF No. 1-4 at 27. The Hearing Officer's decision to return the Student to the School District's life-skills classroom in the event that the Malvern CCIU location was not ready for occupancy by September 15, 2026 was made arbitrarily. Indeed, all of the Hearing Officer's findings in his July 2, 2026 Order point to the success of the CCIU program that the Student has attended since January

2025. *See* ECF No. 1-4. The Hearing Officer offered no explanations or reasoning in his July 2, 2026 Order for his decision to return the Student to the School District's life-skills classroom if the Malvern CCIU location was not open by September 15, 2026. Because this decision by the Hearing Officer altered the status quo and appeared to be made arbitrarily, the Court finds that Plaintiff is likely to succeed on its appeal of the Hearing Officer's decision.

Turning to the second factor, the probability of irreparable harm if relief is not granted, the Court finds that irreparable harm has been shown, both to the Student and to the other students in the School District's life-skills classroom. The findings identified in the Hearing Officer's July 2, 2026 Order indicate that an abrupt disruption to the Student's CCIU program and return to the School District's life-skills classroom would likely jeopardize the Student's progress and, given his past history, may cause the Student to injure himself or others, including his classmates and staff members, in the life-skills classroom. *See* ECF No. 1-4. The threat of such harm is imminent due to the Hearing Officer's September 15, 2026 deadline.

With respect to the third factor, whether granting preliminary relief will result in even greater harm to the nonmoving party, the Court finds that granting Plaintiff's TRO motion would actually benefit, and not harm, the Defendant because Defendant's minor child would be continuing to receive the specialized education that has proven successful over the past year and a half. Conversely, not granting preliminary relief would harm the Student by unnecessarily disrupting the Student's educational progress. While Defendant certainly has an interest in the Student's reduced transportation time and greater interaction with nondisabled peers, those interests do not outweigh the risk of harm posed by the Student to himself and others if he is returned to the School District's life-skills classroom. This factor weighs in favor of Plaintiff.

Turning to the final factor, whether granting preliminary relief will be in the public interest, the Court finds that the public interest favors the continuation of appropriate support and educational programming for the Student and similarly situated students. The Court also finds that it is in the public interest to protect the other students and staff members in the School District's life-skills classroom and to ensure that the decisions of Hearing Officers are well-reasoned and supported with evidence. Because the public interest favors judicial review before changing the status quo, this factor weighs in favor of Plaintiff.

Having found that all four factors weigh in favor of Plaintiff, the Court will **GRANT** Plaintiff's Motion for a TRO (ECF No. 11). An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**