**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARPLE NEWTOWN SCHOOL DISTRICT,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **S.Z., as parent and natural guardian of A.B.,** *Defendant.* | : | **NO. 26-6426** |

**<u>MEMORANDUM</u>**

**KENNEY, J.** **October 8, 2026**

Before the Court is Plaintiff's Motion for a Temporary Restraining Order, Declaratory Relief, and/or Preliminary Injunction (ECF No. 11). Plaintiff Marple Newtown School District (the "Plaintiff") seeks to stay the Hearing Officer's July 2, 2026 Order (the "Hearing Officer's Order") (ECF No. 1-4) directing that Defendant S.Z.'s (the "Defendant's") minor child, A.B. (the "Student"), return to the life-skills classroom located in the Marple Newtown School District's (the "School District's") Russell Elementary School ("Russell Elementary") if the new Chester County Intermediate Unit ("CCIU") location in Malvern, Pennsylvania is not open by September 15, 2026. ECF No. 11. On September 15, 2026, the Court **GRANTED** Plaintiff's Motion for a Temporary Restraining Order. *See* ECF Nos. 12–13. On October 6, 2026, the Court conducted a hearing on this matter (the "October 6 hearing") (ECF No. 27). For the reasons set forth below, Plaintiff's Motion for a Preliminary Injunction (ECF No. 11) is **GRANTED**. The Court will **PRELIMINARILY ENJOIN** Defendant from implementing or enforcing the Hearing Officer's Order.

## I. BACKGROUND

The School District is located within Delaware County, and the Student lives within the School District's geographic borders. The Student qualifies for special education under the Individuals with Disabilities Education Act (the "IDEA"), 20 U.S.C. § 1401(3)(A). *See* ECF No. 11-1 ¶ 4. From enrollment in 2021 until early 2025, the Student attended his neighborhood elementary school in the School District, Russell Elementary. *Id.* ¶ 7. His peers at Russell Elementary also had disabilities. *Id.* Throughout his time at Russell Elementary, the Student exhibited concerning behavior including aggression towards his peers and school staff members. *Id.* ¶¶ 8–9; ECF No. 1-4 ¶ 49. Since January 2025, the Student has attended the CCIU program at a facility in Coatesville. ECF No. 11-1 ¶ 17. The Student has had success with the CCIU program and particularly with access to a dedicated behavior analyst. ECF No. 1-4 ¶¶ 43, 57–65.

On July 2, 2026, Hearing Officer Michael J. McElligot issued an Order regarding the Student's pendent placement for the 2026–2027 school year. ECF No. 1-4. The Order determined that the Student's "placement for the 2026–2027 school year shall be at the intermediate unit ("IU") location which, as described on this record, is approximately 30 minutes from the student's home and which will be newly-opened in the 2026–2027 school year." *Id.* at 26. However, later in the Order, the Hearing Officer added that:

> If the newly-opened IU placement is unavailable to the student because the newly-opened IU placement ultimately has not been opened, or is not ready for occupancy as of September 15, 2026 . . . the student's educational placement shall be at the District's life-skills classroom.

*Id.* at 27.

On August 28, 2026, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Pennsylvania. The Complaint serves as an appeal of the administrative

proceeding held on July 2, 2026 by the Hearing Officer. Plaintiff is only appealing a specific instruction from the Hearing Officer's Order: that the Student return to Russell Elementary on September 15, 2026 if the CCIU Malvern facility is not open by that time. ECF No. 1 at 14. In the Complaint, Plaintiff's request for relief asked the Court to "[r]everse the Hearing Officer's Order only with regard to the September 15th deadline" and to "[o]rder that [the] Student remain at his CCIU Coatesville program until the Malvern location is open[.]" *Id.* On September 14, 2026, as the CCIU Malvern location was not ready, Plaintiff moved for a Temporary Restraining Order, Declaratory Relief, and/or Preliminary Injunction (ECF No. 11). Plaintiff's Motion (ECF No. 11) sought for the Court to stay the Hearing Officer's July 2, 2026 Order and to order that the Student remain at the Coatesville CCIU facility. ECF No. 11-1 at 17. On September 15, 2026, this Court granted Plaintiff's Motion for a Temporary Restraining Order (ECF No. 13) until a hearing could be held. On October 6, 2026, a hearing was held, and the Court heard from Plaintiff's counsel and Defendant's counsel on the Student's pendent placement. ECF No. 27. After full briefing and the October 6 hearing, Plaintiff's Motion for a Preliminary Injunction is now before the Court.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 65, parties can move for the entry of a preliminary injunction. *See* Fed. R. Civ. P. 65. For the Court to enter a preliminary injunction, the moving party must show that "(1) [it] will likely succeed on the merits, (2) [it] will likely suffer irreparable injury without an injunction, (3) the balance of equities favors [it], and (4) an injunction serves the public interest." *Schrader v. Dist. Att'y of York Cnty.*, 74 F.4th 120, 126 (3d Cir. 2023) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

In evaluating the four *Winter* factors to determine whether to grant a preliminary injunction, the Third Circuit has found that the Court must first consider whether the movant meets the first two factors: the "gateway factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017), *as amended* (June 26, 2017). That is, a movant must first "demonstrate that it can win on the merits" and that "it is more likely than not to suffer irreparable harm in the absence of preliminary relief." *Id.*; *see also Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018) ("The first two factors are prerequisites for a movant to prevail"). If those two gateway factors are demonstrated, then the Court "considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly*, 858 F.3d at 179. Upon consideration of the arguments raised by both parties at the October 6 hearing, and the parties' briefing, the Court finds that all four factors continue to weigh in favor of granting Plaintiff's Motion for a Preliminary Injunction (ECF No. 11).

## III. <u>DISCUSSION</u>

Regarding the first gateway factor, Plaintiff has demonstrated that it is likely to succeed on the merits regarding its appeal of the Hearing Officer's Order that the Student return to Russell Elementary if the Malvern CCIU facility is not open by September 15, 2026. In this case, the Court is performing an appellate review of the Hearing Officer's Order. 20 U.S.C. § 1415(i)(2)(A). The Court has elected not to open the factual record (*see* ECF No. 22) and to defer to the record as established in the administrative proceedings below. *See Drinker v. Colonial Sch. Dist.*, 888 F. Supp. 674, 677 (E.D. Pa. 1995) (citing *Bernardsville Bd. of Educ. v. J.H.*, 42 F.3d 149, 161 (3d Cir. 1994)). The Court, however, reviews *de novo* the legal question of the Student's placement to determine the likely success of Plaintiff's appeal. *See, e.g.*, *Wilburn v. Dalton*, 832 F. Supp 943,

945 (E.D. Pa. 1993); *R.S. v. Lower Merion Sch. Dist.*, No. 22-3478, 2024 WL 992174, at *4 (E.D. Pa. Mar. 6, 2024).

Although the Hearing Officer's Order dictates that the Student should return to Russell Elementary if the new facility is not ready by September 15, 2026, the report contains no factual findings to support this conclusion. *See* ECF No. 1-4 ¶¶ 49–53. Instead, educators from both the district and CCIU testified that the Student continues to require specialized placement in order to continue his education. *Id.* ¶¶ 52–53. The record established in previous administrative proceedings also supports a finding that the Student cannot return to Russell Elementary. *See* ECF No. 11-2 at 8–11. There has been no showing that the life-skills classroom at Russell Elementary can provide an appropriate educational environment for the Student, as required under the IDEA. *Id.* ¶¶ 47–50, 52; *see also S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 272 (3d Cir. 2003).

The Hearing Officer, further, offered no explanation as to why the Student should return to Russell Elementary if the Malvern CCIU location was not opened by September 15, 2026. ECF No. 1-4 at 24–28. To the contrary, the Hearing Officer found that, while it was a "close call," the evidence "weigh[ed] in favor—at least in the short-term—of continuing the student's placement at the IU." *Id.* at 25. The Court understands that the Hearing Officer took seriously the difficulties faced by the Defendant and the Student in having the CCIU facility an hour away in Coatesville, as discussed at the October 6 hearing. October 6, 2026 Hr'g Tr. at 11:21–12:8.[1] However, the Court considers from the established record that the Student's placement must be at an intermediate unit ("IU") location. ECF No. 1-4 at 26. Until the Malvern location is ready in early

[1] The Hearing Transcript from the October 6 hearing is not yet published to the Docket. The transcript is available to the parties.

November, as represented by Plaintiff's counsel, the record supports the Student continuing at the Coatesville CCIU facility. October 6, 2026 Hr'g Tr. at 8:18–19; *see* ECF No. 1-4 ¶¶ 47–53. Therefore, the Court finds it is likely that Plaintiff is to succeed on the merits because the findings of the July 2026 administrative hearing and the previous administrative record established and supported placement at a CCIU facility.[2] Given that record, nothing has changed. The Hearing Officer's direction to place the child in Russell Elementary should the new CCIU building not be finished is an add-on that is not supported by the very record the Hearing Officer developed and the other conclusions the Hearing Officer reached. This, therefore, rendered the direction arbitrary, capricious, and inconsistent with his own fact-based conclusions. The Court assumes the officer was using this add-on as a practical spur to get Plaintiff to act with alacrity in moving the child to the new location. However, the add-on gives no instruction as to how Russell Elementary was to put in place the administrative mechanics needed to establish the foundation to educate the child pursuant to all the requirements of the law.

Regarding the second gateway factor, Plaintiff has shown that even temporary placement of the Student at Russell Elementary would cause it to suffer irreparable harm. At the administrative hearing on February 28, 2025, the Hearing Officer found that "maintaining the Student's placement at the Elementary School creates a substantial likelihood of injury to the Student or to *others* . . . The record establishes that injuries occurred at least daily, and often many times per day[.]" ECF No.11-2 at 19–20 (emphasis added). In fact, the Student's behavioral history includes over 2,700 "aggressive behavior incidents" that occurred from the start of the 2024–2025 school year through January 2025. *Id.* at 6. Further, the Student's own educational progress would be irreparably harmed by being abruptly removed from his current CCIU program.

[2] Until the Malvern location is open, this placement is at the Coatesville CCIU facility.

ECF No. 1-4 ¶ 61. The Hearing Officer's findings indicate that the return to Russell Elementary would jeopardize the Student's progress because he has made notable progress at the CCIU facility after four years without progress at Russell Elementary. *Id.* ¶¶ 61–65. While the Court recognizes that the Student has made significant progress since the February 2025 hearing, the record suggests that this was due to the Student's placement at the CCIU facility. *Id.* The record, thus, makes clear that the Student's return to Russell Elementary will "more likely than not" cause the Plaintiff to suffer irreparable harm because both the Student and the other students currently learning at Russell Elementary may be harmed due to the documented evidence of the Student's history of "aggressive behavior incidents." *See Reilly*, 858 F.3d at 179; ECF No.11-2 at 6. Such harm is imminent, as the implementation of the Hearing Officer's Order would result in the immediate return of the Student to Russell Elementary. To be clear, this does not foreclose future placement at Russell Elementary. Indeed, the Hearing Officer alluded to an avenue for the Student's return. Counsel for the Defendant has also indicated there is a new IEP, not part of the Hearing Officer's record, that points to such a pathway forward for the Student. October 6, 2026 Hr'g Tr. at 13:6–7. But that is for a new day. The Hearing Officer made clear, that the time for the child's return to a regular school environment, although the ultimate goal, is not now nor supported by the record before the Court in deciding this Motion.

Having met the first two so-called "gateway" *Winter* factors, the Court may now consider the remaining *Winter* factors and whether all four factors, taken together, point towards the necessity of preliminary relief. *See Reilly*, 858 F.3d at 178–79. The third factor requires the Court to consider whether the balance of equities favors a preliminary injunction. *See Bradley v. Pittsburgh Bd. of Educ.*, 910 F.2d 1172, 1175 (3d Cir. 1990) (citation omitted); *see also Campbell*

*Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90–91 (3d Cir. 1992). With regard to the third *Winter* factor, the Court finds that the balance of the equities favors a preliminary injunction in this case.

Here, the Student's interests are best protected by a preliminary injunction because the CCIU program has allowed the Student to make "academic and behavioral progress across most IEP goals, and the student's behaviors . . . showed dramatic improvement." ECF No. 11-2 at 49. After being placed at the CCIU facility the Student "exhibited significant reductions in all behaviors targeted through the PBSP (physical contact, aggression, [etc.])." ECF No. 1-4 ¶ 61. Yet, "the [S]tudent still engages in behavior which, at times, requires restraint," indicating that he will still benefit from CCIU placement.

As represented by Defendant's counsel at the October 6 hearing, Defendant is interested in having the Student return to Russell Elementary because of the hour-long transportation time and relative distance from Defendant's home to the Coatesville CCIU facility. October 6, 2026 Hr'g Tr. at 11:21–12:8. As a result of the distance, Defendant's counsel represented that Defendant is unable to participate in the Student's education at the Coatesville CCIU facility due to transportation difficulties. *Id.* at 12:5–6. The Defendant's counsel further represented that Defendant is unable to promptly pick up the Student in the event of an emergency or illness. October 6, 2026 Hr'g Tr. at 11:24–12:4. Additionally, counsel stated that being in transit for two hours every day is a notable difficulty not only for Defendant, but for the Student. *Id.* at 11:21–24. The Court takes these concerns quite seriously.

However, they must be considered in the greater context that, based on the Plaintiff's counsel's representation, the Malvern CCIU facility will be open in just one month's time. Once the Student is moved to the Malvern CCIU facility, the hardship on both Defendant and the Student caused by the distance between the facility and the Student's home will be substantially

diminished. As discussed *supra*, the benefits that the Student receives from an education placement in the CCIU facility in the long-term, and the potential harm to the Student's educational progress by repeated, abrupt changes to his placement outweigh the difficulties related to the Student's considerable transportation time to and from school that will be faced for only the next month. *See* ECF No. 11-2. Accordingly, the balance of equities favors granting relief in this case.

Lastly, with regard to the final *Winter* factor, the Court finds that the public interest favors the preliminary injunction so that all students within the School District can receive a proper education. *See Bd. of Educ. v. Rowley*, 458 U.S. 176, 187–204 (1982). As discussed above, the Hearing Officer's findings suggest that placement within the CCIU facility is best for the Student to continue to make educational progress. ECF No. 1-4 ¶¶ 61–65; *see also* ECF No. 11-2 at 24–25. The Hearing Officer's findings also show that there is a significant risk that the Student's return to the life skills classroom at Russell Elementary will disrupt the education of the *other* students currently learning at Russell Elementary. ECF No. 1-4 ¶¶ 47–50; *see also* ECF No. 11-2 ¶¶ 31–32.

Considering these factors in their totality, the record established by the Hearing Officer as to the Student's educational history, and the fact that the CCIU Malvern facility will shortly open, the Court finds that a preliminary injunction is warranted in this case. Plaintiff has shown a likelihood of success on the merits and that it will more likely than not suffer an imminent, irreparable harm if the Student is relocated to Russell Elementary. While the Defendant and the Student have understandably faced hardships with the CCIU Coatesville placement, the benefits of this placement to the Student outweigh the represented hardships. Additionally, many of the Defendant's hardships will be mitigated by the Student's relocation to the CCIU facility in Malvern on November 2, 2026.

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's Motion for a Preliminary Injunction (ECF No. 11). The Court is satisfied that Plaintiff has demonstrated: (1) likely success on the merits of its limited appeal regarding the September 15, 2026 deadline; (2) that irreparable is more likely than not to occur if the Student is placed at Russell Elementary; (3) that the balance of the equities supports the Student's placement at the Coatesville CCIU facility until the Malvern CCIU facility opens; and (4) this decision supports the public interest.

Accordingly, the Court **PRELIMINARILY ENJOINS** the Hearing Officer's July 2, 2026 Order, directing the Student to return to the life-skills classroom at Russell Elementary School, from taking effect pending further order of this Court or upon agreement of the Parties. It is further **ORDERED** that the Student's pendent placement is the special placement operated by the CCIU currently located in Coatesville, Pennsylvania until the Malvern CCIU facility is open. On or about November 2, 2026, when the Malvern CCIU facility is opened, the Student shall be **TRANSFERRED** to continue his education at the Malvern CCIU facility. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**